DENNIS K. BURKE
United States Attorney
District of Arizona
LANNY A. BREUER
Assistant Attorney General
Criminal Division
United States Department of Justice
LAURA J. GWINN
Trial Attorney
United States Department of Justice
950 Pennsylvania Avenue, N.W., Suite 7649
Washington, D.C. 20530
Telephone: (202) 353-9178
Laura.Gwinn@usdoj.gov

FILED
RECEIVED
MAY 11 2010
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

**SEALED**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | ) | CR-10-1031 TUC-FRZ(GEE) |
|---|---|---|
| Plaintiff, | ) | 10-WI-64-FRZ |
| vs. | ) | PLEA AGREEMENT |
| Jonathan Horowitz, | ) | (Filed Under Seal) |
| Defendant. | ) | |

The United States of America and the defendant, Jonathan Horowitz, agree to the following disposition of this matter:

## PLEA

Defendant will waive his right to indictment and plead guilty to an Information, which will charge the defendant with one violation of Title 18, United States Code, Sections 371, two violations of Title 18, United States Code, Section 924(a)(1)(A), and one violation of Title 18, United States Code, Section 922(e), all felony offenses.

## ELEMENTS OF THE CRIME

### Count One: Conspiracy–Title 18 U.S.C. Section 371

The elements of the crime of conspiracy are:

    a.    there was an agreement between two or more persons to commit at least one

CC: AUSA; ALTMAN; PO; FRZ

of the crimes charged in the information, to wit:

- make false statements in connection with the acquisition of firearms from federally licensed firearms dealers in violation of Title 18, United States Code, Section 924(a)(1)(A);
- export and take out of the United States of America and into the Republic of Mexico articles on the United States Munitions List without having first obtained from the Department of State a license for such export and written authorization for such export in violation of Title 22, United States Code, Sections 2778 (b)(2) and 2778 (c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1;
- export and send from the United States, merchandise, article, and an object contrary to any law and regulation of the United States knowing the same to be intended for exportation contrary to any law and regulation of the United States in violation of Title 18, United States Code, Section 554;
- willfully transfer firearms to a person or persons who were not licensed as importer, dealer, manufacturer, and collector of firearms within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe such person or persons was not then residing in the State of Arizona, said defendant not being licensed importers, manufacturers, dealers, and collectors of firearms within the meaning of Chapter 44, Title 18, United States Code, in violation of Title 18, United States Code, Section 922(a)(5);

b. the Defendant joined the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

c. one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

**Count Two and Three: False Statement in Purchase of Firearm, Title 18 U.S.C. Section 924(a)(1)(A)**

The elements of the crime of False Statement in Purchase of a Firearm are:

a.   the Defendant knowingly made a false statement or representation;

b.   the Defendant made such false statement or representation to a licensed dealer, manufacturer, importer or collector of firearms within the meaning of Chapter 44, Title 18, United States Code; and

c.   the statement pertained to information the law requires the licensed dealer, manufacturer, importer or collector to keep.

**Count Four:  Delivery of Firearm to Common Carrier without Notice Title 18 U.S.C. Section 922(e)**

The elements of Delivery of a Firearm to a Common Carrier without Notice are:

a.   The defendant was not licensed to deal, import, manufacture, or collect firearms;

b.   The defendant knowingly delivered or caused to be delivered to a common or contract carrier for shipment in interstate or foreign commerce;

c.   A package or container with firearms;

d.   The defendant did not provide written notice to the carrier that the package or container had firearms; and

e.   The person to whom the firearms were to be delivered was not a licensed importer, manufacturer, dealer, and collector of firearms,

**TERMS**

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

**Maximum Penalties**

a.   <u>Count One</u>:  A violation of Title 18, United States Code, Sections 371 is punishable by a maximum term of five (5) years imprisonment, a maximum fine of $250,000, or both, and a term of supervised release of not more than three (3) years.

b.   <u>Count Two and Three</u>: A violation of Title 18, United States Code, Section

924(a)(1)(A) is punishable by a maximum term of five (5) years imprisonment, a maximum fine of $250,000.00, or both, and a term of not more than three (3) years supervised release.

  c. <u>Count Four:</u>  A violation of Title 18, United States Code, Section 922(e) is, pursuant to Section 924(a)(2), punishable by a maximum term of five (5) years imprisonment, a maximum fine of $250,000.00, or both, and a term of not more than three (3) years supervised release.

  d. Pursuant to Title 18, United States Code, Section 3611, the court shall order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless the defendant establishes the applicability of the exceptions found therein.

  e. Pursuant to Title 18, United States Code, Section 3583, the court shall order the defendant to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

  f. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00 per felony count. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

  g. Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

**Factual and Advisory Guidelines Stipulation**

This Office and the Defendant understand, agree and stipulate to the

Statement of Facts set forth below and to the following applicable sentencing guidelines factors which would be proved beyond a reasonable doubt.

a. The base offense level for a violation of 18 U.S.C. §371 is driven by the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. U.S.S.G. § 2EX1.1(a); Application Note 1. The base offense level for a violation of 22 U.S.C. Section 2778 is **26**. U.S.S.G. §2M5.2 (a)(1). The United States and the Defendant agree that the enhancement found in 2K2.1 (b)(1) is not applicable as the quantity of guns involved is accounted for in 2M5.2(a)(1).

The base offense level for a violation of 18 U.S.C. §924(a)(1)(A) is 12. U.S.S.G. §2K2.1(a)(7). There is an 8 level enhancement as the offense involved between 100-199 guns. U.S.S.G. §2K2.1(b)(1)(D). The enhancement under (b)(5) for "trafficking" results in a further 4-level enhancement. The adjusted offense level as to Counts Two and Three would be **24**.

The base level offense for a violation of 18 U.S.C. §922(a)(5) is 12. U.S.S.G. §2K2.1(a)(7). There is a 4 level increase as the offense involved between 8 and 24 guns. U.S.S.G. §2K2.1(b)(1)(B). The enhancement under (b)(5) for "trafficking" results in a further 4-level increase. The adjusted offense level as to Count Four would be **20**.

The offense level for the most serious crime which constitutes the relevant conduct in this case is used to determine the combined offense level under the grouping rules contained in Chapter 3 of the Sentencing Guidelines. U.S.S.G. §3D1.2 . The offenses do "group", U.S.S.G. § 3D1.(b); thus there is one unit, resulting in no increase in offense level. Therefore, the adjusted base offense level in this case, prior to acceptance of responsibility, is **26**.

b.    This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion

pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

c. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

d. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

If the Defendant intends to argue for any factor that could take the sentence outside of the advisory guidelines range, he will notify the Court, the United States Probation Officer and government counsel at least ten days in advance of sentencing of the facts or issues he intends to raise.

**Obligations of the United States Attorney's Office**

a. This Office has no obligations other than as stated above with regard to making a motion pursuant to U.S.S.G. § 3E1.1(b) for a one-level reduction for early acceptance of responsibility.

b. If the court, after reviewing the plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement giving the defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

c. This plea agreement is expressly conditioned upon the accuracy of the defendant's criminal history as known by the government at the time of the plea. The discovery of any criminal history in addition to that known shall entitle the government to withdraw from this agreement.

d. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final advisory Sentencing Guidelines calculation.

## AGREEMENT AS TO FORFEITURE

a. Defendant, Jonathan Horowitz, knowingly and voluntarily agrees to forfeit all right, title and interest in the firearms listed in Attachments A and B.

b. Defendant admits that he purchased or conspired to purchase the firearms listed in Attachment B, in violation of Title 18, United States Code, Sections 371 and 924(a)(1)(A), for the total purchase price of $21, 912:

c. Defendant further admits that the firearms listed in Attachments A and B represent property involved in the commission of the offense, and are therefore forfeitable pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461.

d. Defendant admits that since purchasing the firearms listed in Attachment B, he has transferred them, sold them or deposited them with a third person and that they are no longer available for forfeiture.

e. Defendant knowingly and voluntarily agrees to pay $21,912 in satisfaction of the retail value of the firearms in Attachment B at the time of the offense.

f. Defendant agrees to pay at least $5000 via cashier's check, made payable to the United States Marshals Service and delivered to the U.S. Attorney's Office for the District of Arizona, Tucson Office, at least twenty (20) days prior to sentencing. Defendant further agrees to make monthly payments as a special condition of his supervised release,

in an amount to be agreed upon by he and his probation agent, such amount to be sufficient to pay the balance within the period of supervised release.

    g.    In the event that the defendant does not remit a cashier's check in the amount of $5000 to the government twenty (20) days prior to sentencing, or in the event the defendant has not paid the full amount by the end of his supervised release, the defendant knowingly and voluntarily agrees that pursuant to Title 21, United States Code, Section 853(p), the United States will seek forfeiture of any other property of said defendant up to the value of the money judgment ($21,912), including but not limited to all property, both real and personal, owned by the defendant.

    h.    Defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive all interest in the assets listed in Attachments A and B, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

    i.    Defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the firearms listed in Attachments A and B, or any assets that are related to satisfying the $21,912 covered by this agreement, and waives the requirements of Federal Rules of Criminal Procedure, Rules 7 and 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

    j.    The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

    k.    Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense

under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

l. Defendant warrants that he is the owner or has an interest in the property listed in Attachments A and B, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed asset covered by this agreement.

m. Defendant knowingly and voluntarily agrees and understands the forfeiture of the assets listed in Attachment A and the value of the firearms listed in Attachment B shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

## Other Agreements

a. The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or objections to the presentence report or to questions by the court at the time of sentencing.

b. The Defendant will surrender to the Probation Department his passport and/or any other document which would permit him to lawfully leave or re-enter the United States.

## Entire Agreement

This agreement supersedes any prior understandings, promises, or conditions between this Office and the Defendant and constitutes the complete plea agreement in this case. There are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## Waiver of Defenses and Appeal Rights

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the United States, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

## Perjury and Other False Statement Offenses or Other Offenses

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement.

## Disclosure of Information to U.S. Probation Office

a. Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Office.

b. The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to:

    (1)    all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines;

    (2)    all financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution;

    (3)    all history of drug abuse which would warrant a treatment condition as part of sentencing; and

    (4)    all history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

## Breach of the Agreement

If the defendant fails to comply with any obligation or promise pursuant to this agreement, the United States:

    a.    may argue for any sentence for the offenses to which defendant has pled guilty, and the defendant understands that the defendant shall not be permitted to withdraw the plea of guilty in this agreement.

    b.    may prosecute the defendant for any offense known to the United States for which the defendant is responsible, and defendant waives any statute of limitations, Speedy Trial Act, and constitutional restrictions for bringing charges after the execution of this agreement.

## Reinstitution of Prosecution

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be

used against the defendant in any subsequent hearing, trial, or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

## FACTUAL BASIS

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

In March 2006, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") was alerted to suspicious purchases of firearms and began an investigation into such purchases by Gregory Gonzalez. The investigation expanded to include purchases by Jonathan Horowitz and Ismael Betancourt. Gun purchasers are required to execute an ATF Form 4473, which includes certifying that the individual filling out the form to purchase a firearm is the actual purchaser, i.e., not a "straw" purchaser for someone else.

Between February 26, 2006 and April 8, 2006, in the State of Arizona, the defendant completed ATF Form 4473 for the purchase of 45 firearms, consisting of forty AR-15 type firearms and five Bushmaster semi-automatic rifles. Gonzalez, accompanied by Betancourt on at least one occasion, completed ATF Form 4473 for twenty-six AR-15 type firearms. In April 2006, Gonzalez ordered from a Federally licensed firearms dealer (hereinafter FFL) fifty AR-15 type weapons and provided a $2500 cash deposit.

On April 12, 2006, Horowitz contacted the FFL to advise that he would be taking Gonzalez's place for the purchase of the fifty AR-15 type lower receivers, which includes the operating parts within the firearm and thus equates to a "firearm" under the definition established within 18 U.S.C. Section 921(a)(3). On April 13, 2006, Horowitz and Betancourt came to the FFL's location in Tucson, Arizona to complete the purchase. Horowitz completed the ATF Form 4473, in which Horowitz falsely claimed to be the actual purchaser of the guns. Horowitz paid an additonal $10,700 cash for the guns. The

guns were loaded into a gold Dodge Neon, the same vehicle used to transport guns that had been purchased by Gonzalez.

Shortly after this April purchase, Horowitz and Betancourt ordered an additional 50 AR-15 type weapons (lower receivers) and provided a $5000 cash down-payment. On May 21, 2006, Horowitz and Betancourt arrived at a gun show in Phoenix to complete the transaction. Horowitz filled out the ATF form 4473 falsely representing that he was the actual purchaser of the firearms. Betancourt provided the remaining cash for the purchase. During the course of the transaction a conversation occurred during which Horowitz and Betancourt indicated to the FFL their boss was pleased with the business relationship. Horowitz also said that if the FFL took a trip to Tijuana he might be able to meet the boss.

Subsequent to this purchase, Horowitz had several conversations with the FFL concerning purchasing the upper receivers from the FFL. During the course of these conversations, Horowitz mentioned his boss being displeased with the current source of upper receivers and on some occasions stated he needed to speak to his boss for direction in how to proceed.

On or about June 15, 2006, ATF was notified by United Parcel Service ("UPS") that they had opened a suspicious package being shipped to "Roberto Hernandez" in San Diego by Ismael Betancourt. The package was found to contain seventeen AR-15 type lower receivers. Neither Ismael Betancourt, Jonathan Horowitz, nor Roberto Hernandez was licensed by ATF as an importer, dealer, manufacturer, or collector of firearms within the meaning of Chapter 44, Title 18, United States Code. Several days later ATF seized the weapons in this shipment after obtaining a search warrant to do so. The serial numbers matched some of the guns which had been purchased by Horowitz and Betancourt on May 21. On June 27, 2006, Horowitz, using a false name, and Betancourt came to the UPS store to inquire about the status of the package and why it was seized.

In September 2008, ATF contacted Horowitz and requested an interview. Horowitz was advised of his *Miranda* rights, which he waived before agreeing to speak with the

agents. He advised that he had purchased all of the weapons for a person located in Tijuana, Mexico and that often the guns were shipped or driven to San Diego before being taken across the border. He advised that he had personally taken some of the guns across the border to Mexico.

All of the guns purchased by Horowitz, Gonzalez, and Betancourt are on the US Munitions List as stated in 22 CFR 121.1; none of the aforementioned persons has a license to export such weapons nor has other authorization to export such firearms.

I understand that I will have to swear under oath to the accuracy of this statement, and if I should be called upon to testify about this matter in the future, any intentional material inconsistencies in my testimony may subject me to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

In addition, the above statement of facts is a summary, which is intended to provide a factual basis that will allow the Court to evaluate whether it should accept my plea of guilty. This statement is not a full recitation of all relevant facts known by me or that could be proven by the United States regarding the matters described above.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions, and I voluntarily agree to them.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines. I understand that the guideline range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate. I further understand that under certain limited circumstances the court may depart upward or downward from the calculated guideline range.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this <u>written plea agreement</u> are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant

//

/

or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

5/11/2010
Date

_____
JONATHAN HOROWITZ
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

05/11/2010
Date

_____
KURT ALTMAN, Esq.
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DENNIS K BURKE
United States Attorney
District of Arizona

LANNY A. BREUER
Assistant Attorney General
Criminal Division
United States Department of Justice

5/11/2010
Date

Laura J. Gwinn
Trial Attorney
United States Department of Justice

Attachment A (Firearms Seized on or about June 24, 2006)

| | | | | |
|---|---|---|---|---|
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F047712K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F047738K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F048027K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F047728K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F048022K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F048025K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F048016K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F047743K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F048020K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F048194K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F048013K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F047720K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F047727K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F048189K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F047722K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F047999K |
| DPMS | AR-15 | LOWER RECEIVER | 0.223 | F048199K |

Attachment B

DPMS Model A-15, .223 caliber, serial numbers

F043754K, F043799K, F043800K, F043801K, F043802K, F043803K, F043804K, F043805K, F043806K, F043807K, F043809K, F043810K, F043811K, F043812K, F043813K, F043814K, F043815K, F043817K, F043818K, F043819K, F043820K, F043821K, F043822K, F043823K, F043825K, F043827K, F043829K, F043830K, F043831K, F043832K, F043833K, F043834K, F043835K, F043836K, F043837K, F043838K, F043839K, F043842K, F043843K, F043845K, F043846K, F043847K, F043849K, F043850K, F043852K, F043853K, F043854K, F043855K, F043856K, F043857K

DPMS Model A-15, .223 caliber, serial numbers:

F047701K, F047703K, F047706K, F047711K, F047713K, F047719K, F047721K, F047725K, F047736K, F047737K, F047746K, F047747K, F047749K, F047751K, F047755K, F047997K, F048001K, F048002K, F048006K, F048009K, F048010K, F048011K, F048015K, F048017K, F048021K, F048026K, F048028K, F048029K, F048030K, F048032K, F048183K, F048207K, F048209K